IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN DIMECH, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 4:25-cv-252 |
| | § | |
| v. | § | (Removed from the 269th Judicial District, |
| | § | District Court of Harris County, Texas, |
| SHELL TRADING (US) CO, | § | Cause No. 2025-03854) |
| | § | |
| Defendant. | § | |

# DEFENDANT'S MOTION TO DISMISS FOR *FORUM NON CONVENIENS*

Dated: February 11, 2025

OF COUNSEL
NORTON ROSE FULBRIGHT US LLP

Heather Sherrod
State Bar No. 24083836
Fed. I.D. No. 1734213
heather.sherrod@nortonrosefulbright.com

1550 Lamar St., Suite 2000
Houston, TX 77010
Telephone:    (713) 651-5151
Facsimile:    (713) 651-5246

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP

*/s/ Shauna Johnson Clark*
Shauna Johnson Clark
State Bar No. 00790977
Federal ID No. 18235
shauna.clark@nortonrosefulbright.com
1550 Lamar St., Suite 2000
Houston, TX 77010
Telephone:    (713) 651-5151
Facsimile:    (713) 651-5246

***ATTORNEY-IN-CHARGE FOR DEFENDANT***

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION .................................................................................................................. 1

FACTUAL BACKGROUND .................................................................................................. 1

    I.    Dimech Receives a Bonus in 2020 ............................................................................ 1

    II.    Dimech's Bonus Agreement Contains a Forum Selection Clause ........................... 2

    III.    Dimech Filed Suit in Texas, Not England ................................................................ 2

ARGUMENT AND AUTHORITIES ...................................................................................... 3

    I.    Mandatory Forum Selection Clauses are Enforced ................................................. 3

    II.    The Forum Selection Clause is Mandatory .............................................................. 4

    III.    The Forum Selection Clause is Applicable .............................................................. 4

    IV.    The Forum Selection Clause is Enforceable ............................................................ 6

    V.    Public Interest Factors Weigh in Favor of Enforcement ......................................... 9

CONCLUSION ...................................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Air Crash Disaster near New Orleans*,
   821 F.2d 1147 (5th Cir. 1987) ............................................................................................3

*Al Copeland Investments, L.L.C. v. First Specialty Ins. Corp.*,
   884 F.3d 540 (5th Cir. 2018) ...........................................................................................3, 9

*Argyll Equities LLC v. Paolino*,
   211 F. App'x 317 (5th Cir. 2006) .......................................................................................4

*Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*,
   571 U.S. 49 (2013) ..............................................................................................................3

*Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*,
   536 F.3d 439 (5th Cir. 2008) ..............................................................................................5

*Burnett v. ARCCA Inc.*,
   No. CV 15-1214, 2016 WL 1271073 (W.D. La. Mar. 31, 2016) .......................................5

*Cabiri v. Assasie-Gyimah*,
   921 F. Supp. 1189 (S.D.N.Y. 1996) ...................................................................................7

*Direct Color Services, Inc. v. Eastman Kodak Co.*,
   929 S.W.2d 558 (Tex. App.—Tyler 1996, writ denied) .....................................................3

*FCX Solar, LLC v. FTC Solar, Inc.*,
   No. 6:21-CV-548-ADA, 2021 WL 4953912 (W.D. Tex. Oct. 25, 2021) ..........................4

*Gonzales v. P.T. Pelangi Niagra Mitra, Int'l*,
   196 F. Supp. 2d 482 (S.D. Tex. 2002) ...............................................................................7

*Haynsworth v. The Corporation*,
   121 F.3d 956 (5th Cir. 1997) .....................................................................................4, 7, 8

*Matheson Tri-Gas, Inc. v. FlexTM, Inc.*,
   No. 4:18-CV-0248, 2018 WL 2363958 (S.D. Tex. May 24, 2018) ...................................4

*Matthews v. Tidewater, Inc.*,
   108 F.4th 361 (5th Cir. 2024) .........................................................................................8, 9

*Morales v. Ford Motor Co.*,
   313 F. Supp. 2d 672 (S.D. Tex. 2004) ...............................................................................9

*Noble House, L.L.C. v. Certain Underwriters at Lloyd's, London*,
   67 F.4th 243 (5th Cir. 2023) ...................................................................................7

*Nolan v. Boeing Co.*,
   919 F.2d 1058 (5th Cir. 1990) ..................................................................................7

*Piper Aircraft Co. v. Reyno*,
   454 U.S. 235 (1981) ..................................................................................................7

*Sablic v. Armada Shipping Aps*,
   973 F. Supp. 745 (S.D. Tex. 1997) ..........................................................................7

*Syndicate 420 at Lloyd's London v. Early American Ins. Co.*,
   796 F.2d 821 (5th Cir. 1986) ....................................................................................7

*Tjontveit v. Den Norske Bank ASA*,
   997 F. Supp. 799 (S.D. Tex. 1998) ............................................................9, 10, 11

*Weber v. PACT XPP Techs.*,
   AG, 811 F.3d 758 (5th Cir. 2016) .................................................................3, 4, 9

**Other Authorities**

Judicial Conference Subcommittee on Judicial Statistics, Federal Court
   Management Statistics-1998 .................................................................................10

Judicial Conference Subcommittee on Judicial Statistics, Federal Court
   Management Statistics-2024 .................................................................................10

Defendant Shell Trading (US) Co. ("STUSCO") files this Motion to Dismiss Plaintiff John Dimech's Original Petition for *forum non conveniens.* In support, STUSCO would show the following:

**INTRODUCTION**

On January 17, 2025, Dimech, a former Shell employee, filed his Original Petition ("Petition") against STUSCO asserting breach of contract and fraud claims related to his 2020 bonus agreement with the Company. STUSCO removed this case to this Court on diversity grounds on January 21, 2025. The bonus agreement at issue contains a mandatory forum selection clause requiring the parties to litigate any disputes related to the bonus agreement in England using English law. As explained in this Motion, the English forum selection clause is mandatory, applicable, enforceable, and its application in this case is reasonable. As a result, Dimech's claims in this case should be dismissed, and Dimech should bring his suit in England.

**FACTUAL BACKGROUND**

**I.      Dimech Receives a Bonus in 2020**

Dimech worked as STUSCO's General Manager of North America Crude Oil Trading from 2010 until 2021 and as President from 2016 until 2021. Pet. at ¶ 8. As a member of STUSCO's trading organization, Dimech participated in the Company's Conditional Bonus Plan. *Id.* at ¶ 10. The plan is governed by the Rules of the Shell Trading Conditional Bonus Plan ("CBP Plan"). Exhibit A, Declaration of E. Verdon at ¶3; Exhibit A-1, 2020 CBA Plan Rules. On March 31, 2020, STUSCO awarded Dimech a bonus under the CBA Plan, which STUSCO memorialized in a 2020 CBA Award Certificate (the "CBA Certificate"). Verdon Dec. at ¶3; Exhibit A-2, 2020 CBA Certificate. STUSCO attached a copy of the CBA Rules when it issued the CBA Certificate to Dimech, reflecting, *inter alia,* the amount of his bonus, when and under what circumstances it would vest, and all other applicable terms of the bonus. Ex. A-2 at 3; *see gen.* Ex. A-1.

**II.     Dimech's Bonus Agreement Contains a Forum Selection Clause**

The CBA Certificate states that the bonus awarded to Dimech is granted subject to the terms and conditions of the CBA Certificate and CBA Plan. Ex. A-2 at 3. Dimech had to indicate his acceptance of the bonus and its terms and conditions by clicking "accept" on an internal Company website. *Id.* at 2; Ex. A-1 at ¶ 2.3. If he had not indicated his acceptance, the bonus would have been deemed never to have been granted. *Id.*

The CBA Plan contains a plain, unambiguous forum selection and choice of law clause requiring any disputes related to the CBA Plan and the bonus awarded under the terms of the CBA Plan to be litigated in an English court applying English law.

The 2020 CBA Plan Rules state:

> **14  Governing law and jurisdiction**
>
> English law governs these Rules and all Awards and their construction. The English Courts have exclusive jurisdiction in respect of disputes arising under or in connection with these Rules or any Award.

Exhibit A-1 at 11.

**III.     Dimech Filed Suit in Texas, Not England**

Apparently disappointed with the seven-figure bonus STUSCO awarded him, Dimech filed this lawsuit in Texas claiming STUSCO should have increased his bonus by millions of dollars. Pet. at ¶ 21; Ex. A-2 at 3 (reflecting the notional amount of Dimech's bonus award). He asserts that STUSCO's failure to pay him a significantly higher bonus constitutes a breach of contract and fraud. Pet. at ¶¶ 30-37. In particular, he alleges that STUSCO leaders made representations about how the CBA Rules would be administered during the COVID-19 pandemic, which he believed would lead to a higher bonus. *Id.* at ¶ 19.

Dimech's claims fly in the face of several terms in the CBA Rules and CBA Certificate,

including that bonuses awarded under the CBA Rules are discretionary, verbal representations have no contractual or binding effect, and—material to this motion—any disputes about the bonus awarded, the CBA Rules, or the CBA Certificate terms have to be brought in an English court. Ex. A-2 at 7, ¶ 9; Ex. A-1 at 10-11, ¶12.1, ¶ 14.

## ARGUMENT AND AUTHORITIES

### I.  Mandatory Forum Selection Clauses are Enforced[1]

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 59 (2013). When a contract contains a mandatory forum-selection clause, like the one contained in the CBA Rules, courts apply a "strong presumption" in favor of its enforcement and dismissal is required absent "extraordinary circumstances." *Id.* at 50-51; *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 773 (5th Cir. 2016). To be clear, the plaintiff's choice of forum merits no weight. *Atl. Marine Const. Co.*, 571 at 51. The plaintiff may only overcome the strong presumption of enforceability with a clear showing that the clause is unreasonable under the circumstances. *Id.* To establish unreasonableness, the plaintiff must show: "(1) [T]he incorporation of the forum-selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene a strong public policy of the forum state." *Al*

---

[1] This motion is timely filed. In the Fifth Circuit, a *forum non conveniens* motion is timely when brought within a reasonable time after the facts or circumstances which serve the basis for the motion have developed and become known to the defendant. *In re Air Crash Disaster near New Orleans*, 821 F.2d 1147, 1165 (5th Cir. 1987). This case was removed to this Court less than one month ago and no discovery has taken place. *Direct Color Services, Inc. v. Eastman Kodak Co.*, 929 S.W.2d 558, 567 (Tex. App.—Tyler 1996, writ denied) (holding that a *forum non conveniens* issue may be raised anytime before trial under Texas law).

*Copeland Investments, L.L.C. v. First Specialty Ins. Corp.*, 884 F.3d 540, 543 (5th Cir. 2018) (quoting *Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997) (internal quotation marks omitted)). The forum selection clause in the CBA Rules is mandatory and applicable, and none of these "unreasonableness" factors are present.

**II.     The Forum Selection Clause is Mandatory**

A mandatory forum selection clause affirmatively requires that litigation arising from the contract be carried out in a given forum. *Weber*, 811 F.3d at 768. A forum selection clause is mandatory if it contains clear language specifying that litigation must occur in the specified forum. *Id*. The CBA Rules forum selection clause states in the clearest possible terms: "The English Courts have **exclusive jurisdiction** in respect of disputes arising under or in connection with these Rules or any Award." Ex. A-1 at 11 (emphasis added). Where a forum selection clause requires exclusive jurisdiction in a particular forum, courts have found it to be mandatory. *Argyll Equities LLC v. Paolino*, 211 F. App'x 317, 319 (5th Cir. 2006); (finding the language, "the exclusive jurisdiction of the courts sitting in Kendall County, Texas" was mandatory); *FCX Solar, LLC v. FTC Solar, Inc.*, No. 6:21-CV-548-ADA, 2021 WL 4953912, at *4 (W.D. Tex. Oct. 25, 2021) (holding exclusive jurisdiction in New York was mandatory language); *Matheson Tri-Gas, Inc. v. FlexTM, Inc.*, No. 4:18-CV-0248, 2018 WL 2363958, at *1, *5 (S.D. Tex. May 24, 2018) (finding mandatory clause where parties agreed "to consent to the exclusive jurisdiction of the courts of the State of Texas with regard to any dispute arising hereunder"). Thus, there can be no possible dispute that the forum selection clause at issue in this case is ***mandatory***.

**III.    The Forum Selection Clause is Applicable**

The forum selection clause is also applicable to this dispute. The forum selection clause applies to "disputes arising under or in connection with these Rules or any Award." Dimech's only claims in this lawsuit relate exclusively to his bonus awarded under the CBA Rules as

memorialized in the 2020 CBA Certificate. Pet. at ¶ 21 (claiming his conditional bonus program should have been $29,400,000 more for fiscal year 2020). He claims STUSCO breached and fraudulently misrepresented the CBA Rules and Certificate terms, which resulted in STUSCO awarding him a smaller bonus than he believes he was entitled to receive. *Id.* at ¶ 30 ("Defendant breached the terms of its agreement with Plaintiff by refusing to pay him the full CBP amount to which he was entitled."); *Id.* at ¶ 33 ("Defendant made misrepresentations to Plaintiff, including but not limited to, representations to Dimech that Defendants would pay under the CBP . . . ."). The forum selection clause containing language that a dispute "arising under or in connection with" must be "interpreted to reach 'every dispute between the parties having a significant relationship to the contract and all disputes having their origin or genesis in the contract.'" *Burnett v. ARCCA Inc.*, No. CV 15-1214, 2016 WL 1271073, at *5 (W.D. La. Mar. 31, 2016). Thus, the forum selection clause covers every dispute between STUSCO and Dimech with a relationship to the CBA Rules and CBA Certificate, which is unquestionably the case here as almost every paragraph of Dimech's Petition refers to STUSCO's Conditional Bonus Plan.

With respect to Dimech's fraud claim, the Fifth Circuit has rejected plaintiffs' attempts to avoid forum selection clauses by arguing that tort claims are not covered by the forum selection clause. *Id.* Where as here the plaintiff is complaining about the failure of the defendant to fulfill a contractual obligation—i.e. to pay Dimech a larger bonus under the Conditional Bonus Plan— he cannot hide behind the "tort" labeling and "artful pleading" in order to avoid application of the forum selection clause when the claim arises under a contract. *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 444 (5th Cir. 2008). Dimech's claims against STUSCO are based upon STUSCO's alleged obligations under the Conditional Bonus Plan. Thus, his claims clearly relate to the CBA Rules and CBA Certificate.

**IV.     The Forum Selection Clause is Enforceable**

Dimech cannot carry his heavy burden to show that the "unreasonableness" factors would prevent enforcement.

**A.     There Was No Fraud or Overreach**

First, there is no evidence that the forum selection clause was the product of fraud or overreaching. The CBA Rules were provided to Dimech at the time he received his 2020 CBA Certificate reflecting his bonus. Verdon Dec. at ¶3. The CBA Certificate promptly states that it is subject to the CBA Rules, which are attached to the certificate. Ex. A-2 at 3. The CBA Rules contain a table of contents directing Dimech to the governing law and jurisdiction clause on page 11. Ex. A-1 at 2. On page 11, the "Governing law and jurisdiction" title is written in 30-point font and cannot be missed:

> **14  Governing law and jurisdiction**
>
> English law governs these Rules and all Awards and their construction. The English Courts have exclusive jurisdiction in respect of disputes arising under or in connection with these Rules or any Award.

*Id.* at 11.

Moreover, Dimech claims he administered the Conditional Bonus Plan for teams of employees for 15 years. Pet. at ¶ 10. Thus, by the nature of his role, he already knew that disputes arising under or in connection with the CBA Rules or a bonus award were subject to a mandatory forum selection clause. Thus, there can be no basis for Dimech to claim the forum selection clause was fraudulently inserted into the terms of his bonus agreement with STUSCO.

**B.     England is an Appropriate and Superior Forum for this Litigation**

Second, there is no evidence that Dimech will for all practical purposes be deprived of his day in court because of grave inconvenience or unfairness of the selected forum's laws. English

courts provide an available and adequate remedy for a breach of contract and fraud (referred to as a "tort of deceit"). A chosen forum is not fundamentally unfair merely because its laws may be less generous or differ under the forum state's law. *Haynsworth*, 121 F.3d at 969 ("The view that every foreign forum's remedies must duplicate those available under American law would render all forum selection clauses worthless and would severely hinder Americans' ability to participate in international commerce."). Only in "rare circumstances . . . where the remedy offered by the other forum is clearly unsatisfactory" will the alternate forum be considered inadequate. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 254 n.22 (1981). "[T]he remedy provided by the foreign forum qualifies as inadequate only when it amounts to 'no remedy at all.'" *Gonzales v. P.T. Pelangi Niagra Mitra, Int'l,* 196 F. Supp. 2d 482, 486 (S.D. Tex. 2002) (*citing Piper Aircraft*, 454 U.S. at 254). "[O]nly the most perilous obstacles to conducting litigation, evidenced by a complete absence of due process in the alternative forum, will render that forum inadequate." *Id.* at 486; *see*, *e.g.*, *Sablic v. Armada Shipping Aps*, 973 F. Supp. 745, 748 (S.D. Tex. 1997) (finding that extreme political and military instability in the war-torn region, coupled with a large backlog of cases, rendered Croatian courts inadequate); *see also Cabiri v. Assasie-Gyimah*, 921 F. Supp. 1189, 1199 (S.D.N.Y. 1996) (denying dismissal where Ghanian plaintiff, who had political asylum status, had well-founded fear of prosecution if he brought action alleging torture by Ghanian officials in Ghanian courts).

There is no evidence that Dimech would face the "most perilous obstacles" in England that must exist to deem that forum inadequate. On the contrary, the Fifth Circuit has consistently held that English courts provide an adequate forum. *See, e.g., Noble House, L.L.C. v. Certain Underwriters at Lloyd's, London*, 67 F.4th 243, 249 (5th Cir. 2023) (dismissing case in favor of England and Whales forum selection clause); *Nolan v. Boeing Co.*, 919 F.2d 1058, 1068-69 (5th

Cir. 1990) (affirming dismissal of lawsuit filed in Louisiana in favor of trial in England); *Syndicate 420 at Lloyd's London v. Early American Ins. Co.*, 796 F.2d 821, 829 (5th Cir. 1986) (holding differences in substantive law between Louisiana and England insufficient to render England inadequate as an alternate forum). Plainly, England is an adequate, alternate forum for this case.

Further, other than the fact that Dimech worked for a few years of his employment with STUSCO in Texas, the dispute over the amount of his bonus has no ties to Texas at all. STUSCO's witnesses—the key members of the Bonus Oversight Committee which issued Dimech's award—are in England, not Texas. Verdon Dec. at ¶4. Dimech does not even reside in Texas; he resides in Australia. [Dkt. 1 at 2] While the logistics of Dimech litigating in England versus Texas is not a basis to establish unreasonableness, it is not even present in this case. He would have to travel regardless. And, as the Fifth Circuit recently noted, "plaintiffs may remotely litigate in foreign forums because of modern technology." *Matthews v. Tidewater, Inc.*, 108 F.4th 361, 368 (5th Cir. 2024) (enforcing forum selection clause).

### C. Texas Public Policy is Not Contravened if this Matter is Litigated in England

Third, there is no evidence that enforcement of the forum selection clause would contravene any strong Texas public policy. Rather, the presumption is that forum selection clauses that are part of international transactions are presumed to be enforceable because they eliminate uncertainty and are made out of deference to the integrity and proficiency of foreign courts. *See Haynsworth*, 121 F.3d at 962. Thus, there is no unreasonableness, and the forum selection clause is enforceable.

## V. Public Interest Factors Weigh in Favor of Enforcement[2]

Once a forum selection clause is found to be mandatory, applicable, and enforceable, the plaintiff has the burden to show that public-interest factors overwhelmingly disfavor a transfer, which Dimech cannot show. *Weber*, 811 F.3d at 766. The public interest factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized controversies decided at home; 3) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; 4) the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and 5) the unfairness of burdening citizens in an unrelated forum with jury duty. *Gulf Oil Corp.,* 330 U.S. at 509. These factors justify refusal to enforce a forum-selection clause in only "truly exceptional cases." *Al Copeland Investments, L.L.C. v. First Specialty Ins. Corp.*, 884 F.3d 540, 545 (5th Cir. 2018).

### A. The Congestion of the Southern District of Texas Favors Dismissal Given This Lawsuit's Minimal Connection to Texas

The first public interest factor regarding court congestion favors dismissal. Courts have analyzed this factor from the perspective of the presiding court system. *See Tjontveit v. Den Norske Bank ASA,* 997 F. Supp. 799, 812-13 (S.D. Tex. 1998); *Morales v. Ford Motor Co.,* 313 F. Supp. 2d 672, 685, 689 (S.D. Tex. 2004). In *Tjontveit*, the Court found:

> The courts of the Southern District of Texas are congested with cases having far greater ties to Texas and to the United States than this dispute. At present, each sitting judge in the Southern District of Texas has a heavy caseload. The demands of a sizable criminal and prisoner docket and the priority given to criminal cases leads to an inevitable backlog of civil cases. Therefore, the conservation of judicial resources is an important objective, as it enhances the efficient and just resolution of the numerous cases in which this is the only appropriate forum. This objective is better served by the Court's dismissal of this case.

---

[2] The Fifth Circuit recently reiterated that, traditionally, when performing a *forum non conveniens* analysis, the district court considers private-interest factors and public-interest factors. *Matthews v. Tidewater, Inc.*, 108 F.4th 361, 366-67 (5th Cir. 2024). However, a valid forum-selection clause simplifies this analysis because the private-interest factors weigh entirely in favor of the preselected forum. *Id.* As a result, the district court should consider arguments about public-interest factors only. *Id.*

*Tjontveit*, 997 F. Supp. at 812-13.

When *Tjontveit* was decided in March 1998, the average total filings per judge in the Southern District of Texas was 517.[3] The judges of the Southern District of Texas have an even heavier caseload today. In the twelve-month period ending June 30, 2024, there were 637 filings per sitting judge in the Southern District of Texas.[4]

As was the case in *Tjontveit*, this case has only a minimal connection to Texas, and London is an adequate alternative forum. The public interest is served by conservation of this Court's judicial resources for the resolution of cases for which the Southern District of Texas is the only appropriate forum.

### B. London Has the Strongest Claim to This Lawsuit As Being a "Localized Controversy" That Should Be Tried "At Home"

The second public factor, an interest in trying "localized controversies" at home, favors London as a forum over any other jurisdiction. The key members of the Conditional Bonus Plan Bonus Oversight Committee are currently located in London. Verdon Dec. at ¶4. All decisions regarding the CBA Rules and award to Dimech were made by the Bonus Oversight Committee in London. Ex. A-1 at 10, ¶ 12.1 (noting that all decisions regarding the CBA Rules and awards are at the sole and absolute discretion of the Bonus Oversight Committee). The CBA Rules and CBA Certificate provide for the application of English law. *Id.* at 11, ¶ 14. If any jurisdiction can stake a claim to this being a "localized controversy," it is England.

---

[3] *See* Judicial Conference Subcommittee on Judicial Statistics, Federal Court Management Statistics-1998, available at www.uscourts.gov/cgi-bin/cmsd2002.pl (filing statistics for the U.S. District Court for the Southern District of Texas during twelve month period ending September 30, 1998).

[4] *See* Judicial Conference Subcommittee on Judicial Statistics, Federal Court Management Statistics-2024, available at https://www.uscourts.gov/sites/default/files/2024-11/fcms_na_distprofile0630_2024.pdf (filing statistics for the U.S. District Court for the Southern District of Texas during twelve month period ending June 30, 2024).

### C. The High Court in London Should Preside Over This Case Because English Law Applies

The third and fourth public factors favor trial in London because the CBA Rules' choice of law provision designates the law of England as the governing law. Ex. A-1 at 11, ¶ 14; *see Tjontveit*, 997 F. Supp. at 810 (fact that foreign law is applicable to an action considered by the Court to be a "pivotal" factor in declining jurisdiction). It is axiomatic that English courts are more knowledgeable of English law and thereby better suited to decide the parties' controversy. Thus, bringing this action in London will avoid problems in the application of foreign law.

### D. The Unfairness of Burdening Citizens in an Unrelated Forum with Jury Duty

The final factor, the unfairness of burdening Texas citizens with jury duty in this case, also weighs in favor of dismissal. Although this factor is rarely analyzed by courts, it would stand to reason that requiring Texas jurors to observe testimony by witnesses based in Australia and England, who would likely appear by video, to testify about a bonus scheme developed and decided in England under English law would be befuddling to them to say the least.

Based on the foregoing, the public interest factors favor bringing this suit in English court.

## CONCLUSION

Defendant Shell Trading (US) Co. requests that the Court dismiss Plaintiff John Dimech's Petition for *Forum Non Conveniens* in favor of proceedings in the High Court in London, England and for such other and further relief to which it is entitled.

Dated: February 11, 2025

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP

*/s/ Shauna Johnson Clark*
Shauna Johnson Clark
State Bar No. 00790977
Federal ID No. 18235
shauna.clark@nortonrosefulbright.com
1550 Lamar St., Suite 2000
Houston, TX 77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

**A**TTORNEY-**I**N-**C**HARGE FOR **D**EFENDANT

OF COUNSEL
NORTON ROSE FULBRIGHT US LLP

Heather Sherrod
State Bar No. 24083836
Fed. I.D. No. 1734213
heather.sherrod@nortonrosefulbright.com

1550 Lamar St., Suite 2000
Houston, TX 77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served in compliance with the Federal Rules of Civil Procedure upon the following counsel on February 11, 2025.

David J. Quan
Law Office of David J. Quan
5444 Westheimer Rd., Suite 1700
Houston, TX 77056
dquan@davidquallaw.com

*/s/ Heather Sherrod*
Heather Sherrod

296701281.1

12