UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN DIMECH, <br><br> *Plaintiff,* <br><br> v. <br><br> SHELL TRADING (US) CO., <br><br> *Defendant.* | § § § § § § § § § § § § CIVIL ACTION NO. 4:25-cv-00252 |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT' MOTION TO DISMISS FOR *FORUM NON CONVENIENS***

TO THE HONORABLE JUDGE SIM LAKE:

Plaintiff John Dimech ("Plaintiff" or "Dimech") files this Response in Opposition to Defendant Shell Trading (US) Co. ("Defendant" or "STUSCO")'s Motion to Dismiss for *Forum Non Conveniens* and respectfully request that the Court deny Defendant's motion to dismiss as Defendant has failed to meet its burden – either factually or legally – to be warranted the relief that it seeks:

I.

**NATURE AND STAGE OF PROCEEDINGS**

On January 17, 2025, Dimech filed his Original Petition, styled John Dimech v. Shell Trading (US) Co., Cause No. 2025-03854, in the 269th Judicial District of Harris County, Texas. In his pleading, Dimech asserted claims for Breach of Contract, Fraud, and Fraudulent Inducement, all of which are state law claims. See Dkt. #1.

1

Despite the lack of federal question jurisdiction and the fact that STUSCO is based in Texas thereby making it a forum state defendant, STUSCO removed this case to federal court on January 21, 2025 prior to being served. See Dkt. #1-2, para. 5.

Defendant then moved hastily to file the present Motion to Dismiss for *Forum Non Conveniens* within a few weeks after removal on February 11, 2025. Dkt. #4. Defendant has taken the position that it should not be subject to pre-trial discovery of any sorts – not even to make Initial Disclosures – until after its Motion to Dismiss is considered despite Plaintiff's desire to conduct discovery. See Dkt. #5 (in response to #8: "Defendant contends that the Rule 26(a) disclosure requirement should be stayed pending a ruling on the Motion to Dismiss"; in response to #9.A.(i): "Defendant contends that the Rule 26(a) disclosure requirement and other discovery should be stayed pending a ruling on the Motion to Dismiss. Plaintiff disagrees"; in response to #9.A.(ii), (iii), (iv), and (v): "Defendant contends that discovery should be stayed pending a ruling on the Motion to Dismiss. Plaintiff disagrees").

## II.

## SUMMARY OF THE ARGUMENT

In its haste to avoid accountability in local federal or state courts, STUSCO has made demonstrably unsupported assumptions about the basis for Plaintiff's claims and built an argument without a foundation. Specifically, the mandatory forum selection clause upon which STUSCO's entire motion depends is not applicable to the present matter. Dimech's claims are not based on his award under the Shell

Conditional Bonus Program that Defendant has hung its hat on, but the underpayment of his Commercial Bonus Program Award, which is a different component of his compensation.

Moreover, an analysis of the requisite factors for a motion that is asserting *forum non conveniens* as a basis for dismissal demonstrates that these factors favor this Court retaining jurisdiction over the matter and denying Defendant's motion.

## III.

## ARGUMENT AND AUTHORITIES

### A.   Factual Background

Dimech has extensive knowledge about the various components of the compensation packages of STUSCO's personnel due to his lengthy tenure in the leadership of the Company. Dimech worked for STUSCO for more than ten (10) years as the General Manager North America Crude Oil Trading. See Plaintiff John Dimech's Declaration Pursuant to 28 U.S.C. §1746, which is attached hereto as Exhibit A, para. 2.  From 2016 through 2021, he also served as STUSCO's President. *Id.*

While a member of STUSCO's leadership, Dimech helped to shape the formalization of, calculated bonuses under, and administered the Shell Trading **Commercial** Bonus Program ("CBP"). The CBP is a significant component of compensation for STUSCO's commercial employees. Dimech administered the CBP for groups with significant number of employees in North America (80 employees), as well as Singapore (18 employees) for 16 years.  Exhibit A, para. 4.

Because of his experience as both an administrator and beneficiary of the CBP, as well as his tenure and seniority, Dimech was significantly involved in the internal comprehensive review of the CBP in 2018. As a result, he is very familiar with the bonus program's mechanics as it operated in 2020-2021, the period relevant for the claims in this lawsuit. Exhibit A, para. 5.

STUSCO determines the annual bonus (comprising cash and conditional components) portion of its commercial personnel pursuant to a rigorous process. Per the CBP, the annual bonus component is made on the basis of certain key factors pertaining to the individual, namely:

(a)   direct business profitability;

(b)   the individual's performance rating which encompasses a suite of behavioral dimensions (compliance, control, leadership, collaboration, etc.),

(c)   the overall Shell Trading profitability, and

(d)   prevailing market conditions for traders and commercial personnel in the relevant human-resource market.

See Exhibit A, para. 6.

In addition to the CBP, another component of Dimech's compensation as STUSCO's President for the 2020 financial year was a program that was titled the "Shell Conditional Bonus Program" ("*Conditional* Bonus Program"). Awards made per the *Conditional* Bonus Program were substantial, but were much less than those awarded under the CBP. See Exhibit A, paras. 8 and 9.

B.   Analysis Framework

A Court's threshold analysis of a Motion based on Forum Non Conveniens is a two-step process: (1) determining if the forum selection clause is valid and enforceable; and, if so, (2) determining if the clause applies to all claims and all parties in the current lawsuit. *Clarity Research & Consulting, LLC v. OmniWest, LLC*, No. A-17-CA-00203-SS, 2017 WL 1535235, at *7 (W.D. Tex. Apr. 26, 2017); *Sabal Ltd. LP v. Deutsche Bank AG*, No. 5:16-CV-300-DAE, 2016 WL 5080385, at *5 (W.D. Tex. Sep. 19, 2016); *Mendoza v. Microsoft, Inc.*, 1 F. Supp. 3d 533, 542 (W.D. Tex. 2014).

Beyond this threshold analysis, a "defendant invoking forum non conveniens ordinarily bears a heavy burden in opposing the plaintiff's chosen forum." *Simochem International Co. v. Malaysian Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007). The factors a court must consider in determining a dismissal for *forum non conveniens* are (1) the availability of an adequate alternate forum; (2) whether the alternate forum would provide an adequate remedy to the prevailing party; (3) whether private interest factors favor denial; and (4) whether public interest factors militate against dismissal. *Mendo v. ICA Fluor Daniels*, No. 1:16-CV-62, 2016 WL 10824620 at *2 (S.D. Tex. August 4, 2016).

C.   No Applicable Forum Selection Clause Exists

Defendant's entire motion rests on a forum selection clause in an alleged contract that was not plead by Plaintiff. In fact, Plaintiff's claims are based on a

separate component of his compensation that is not governed by the *Conditional* Bonus Program that STUSCO is relying on.

Defendant's motion to dismiss is replete with references to the *Conditional* Bonus Program. Most importantly, it is a section of the *Conditional* Bonus Award Rules that Defendant cites as providing a mandatory forum selection clause. See Dkt. #4, p. 6.

However, as Plaintiff has demonstrated above and through his Declaration, his claims are based on his contentions about how the Commercial Bonus Program was administered and represented for the 2020 Financial Year. See Exhibit A, para. 7. The *Conditional* Bonus Award that STUSCO continuously cites as the basis for its motion to dismiss is a separate component of compensation that is not in issue in the present lawsuit. See Exhibit A, para. 8. Notably, Plaintiff has not made any contention, reference, or allegation about the *Conditional* Bonus Award or the *Conditional* Bonus Program in his pleadings. In fact, the term is never mentioned anywhere in his pleadings. The only component of his compensation referenced in Plaintiff's original petition is the Commercial Bonus Program.

Furthermore, the fact that two different components of Plaintiff's compensation are referenced is evident from the fact that the Commercial Bonus Award that he is contesting was in the amount of $8,100,000.00. See Exhibit A, para. 9. STUSCO makes clear that it is focused on a *Conditional* Bonus Award that was made to Dimech for $3,060,000.00. See Dkt. 4-1, Exhibit A-2. The large disparity in

the amounts awarded under these two programs makes clear that they are distinct and separate.

Defendant's assumptions about the basis for Plaintiff's claims in this lawsuit are clearly misplaced. As a result, it is clear that the mandatory forum selection provision that STUSCO has relied upon for its motion to dismiss for *forum non conveniens* is not applicable to the claims in this matter. Consequently, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss for *Forum Non Conveniens.*

### D.  Private and Public Interest Factors Strongly Militate Against Dismissal.

Should the Court still determine it should consider the factors despite the fact that Defendant's efforts to contend that mandatory forum selection clause applied to Plaintiff's claims even though this provision is based on a document related to a different component of Dimech's compensation, the private and public interests factors disfavor dismissal of this action in favor of an alternate forum.

#### 1.  Private Interest Factors

The private factors to be considered are focused on the ease of access to evidence. *See Baumgart v. Fairchild Aircraft Corp.,* 981 F.2d 824, 835-836 (5th Cir. 1993). Plaintiff has identified several expected witnesses who are located in the Houston area. *See* Exhibit A, para. 12. Furthermore, STUSCO's offices and the team that Plaintiff led are located in Houston and STUSCO is an American company. See Exhibit A, paras. 10 and 11. Accordingly, requiring this matter to be held in the courts of England would hinder, not enable, the ease of access to relevant evidence and

testimony for this matter.

Defendant has chosen to not identify any public interest factors that warrant dismissal of this matter from the United States court system. *See* Dkt. #4, fn. 2. Instead, they have put all their "eggs in the basket" of their purported mandatory forum selection provision, which has now been demonstrated to have the huge "hole" of not being applicable to Plaintiff's claims. *Id*.

Accordingly, ease of access to the relevant evidence for this matter favors this case remaining within the Southern District of Texas.

### 2.   **Public Interest Factors**

Some of the key public interest factors the Court is to consider are (1) the local interest in having localized controversies resolved at home; (2) the interest in having the trial of a diversity case in the forum that is familiar with the law that must govern the action; and (3) the unfairness of burdening citizens in an unrelated forum with jury duty. *See Baumgart*, 981 F.2d at 837 n. 14.

Each of these public interest factors favors Plaintiff's position that this matter should not be dismissed in favor of an alternative forum.

Regarding the local nature of the controversy, the claims in this matter involve the treatment of a U.S. Person with permanent residency in the United States by an American employer with headquarters in Houston. *See* Exhibit A, para. 10. Plaintiff's team members who were also negatively impacted by the misrepresentations made to Dimech were almost all based in the United States. *See* Exhibit A, para. 11. Thus, the players involved – both directly and indirectly – in this dispute are all locally-

based. Moreover, Defendant's actions that give rise to the claims in this matter took place in Houston. *Id*.

As noted above, Plaintiff's claims were initially filed in state district court. Dimech's claims are made pursuant to Texas common law and statute. It would thus be more efficient for a Texas forum to house the trial of this matter as a court in this state will be much more familiar with the applicable law.

Finally, it would be of little logic and much inconvenience for the citizens of the United Kingdom to be saddled with having to determine this matter regarding the dispute over the proper compensation owed by an American company to an individual who was a U.S. Person at the time of the controversy pursuant to Texas state law.

As is clear, the public interest factors also favor maintaining the Court's jurisdiction over this matter. Accordingly, an analysis of the proper factors to be considered weigh in favor of denying Defendant's motion to dismiss.

## III.

## CONCLUSION

Given that the crux of Defendant's efforts to have this matter dismissed – its purported mandatory forum selection provision – is inapplicable to the basis for any of Dimech's claims, Defendant has failed to cross even the threshold analysis for its motion to dismiss for *forum non conveniens*. Moreover, even if STUSCO had met that prerequisite element of showing an applicable forum selection clause, the public interest and private interest factors favor denial of Defendant's Motion.

Accordingly, Defendant has provided no supportable basis for overriding the

strong deference that is to be given to Plaintiff's choice of forum.

Plaintiff therefore respectfully requests that the Court deny Defendant's motion in all parts and grant all applicable relief in law and equity.

Respectfully submitted,

LAW OFFICE OF DAVID J. QUAN

*/s/ David J. Quan*
David J. Quan
TX State Bar No. 16422300
Federal ID No. 20073
5444 Westheimer Rd., Suite 1700
Houston, TX 77056
dquan@davidquallaw.com

***Attorney-in-Charge for Plaintiff
John Dimech***

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of March 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record who are registered in this matter.

*/s/ David J. Quan*
