# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN DIMECH, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-cv-00252 |
| | § | |
| SHELL TRADING (US) CO., | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF JOHN DIMECH
## PURSUANT TO 28 U.S.C. §1746

1.      My name is John Dimech, I am over the age of 18 years old, and my current address is 255 New Street, Brighton, Victoria 3186, Australia.

2.      I worked for Shell Trading (US) Co. ("STUSCO"), the Defendant in the above-referenced matter, for more than ten (10) years as the General Manager North America Crude Oil Trading. From 2016 through 2021, I also served as STUSCO's President.

3.      Throughout my tenure working at STUSCO, I was based in Houston, where STUSCO's offices are located. I relocated from STUSCO in August 2021 and returned to my native Australia with my wife and children.

4.      During my lengthy tenure in the leadership of STUSCO, I helped to (a) shape the formalization of, (b) calculated bonuses under, and (c) administered the Shell Trading Commercial Bonus Program ("CBP"). The CBP is a significant component of compensation for STUSCO's commercial employees. I administered the CBP for groups with significant number of employees in North America (80 employees), as well as Singapore (18 employees) for 16 years.

5.      Due to my experience as both an administrator and beneficiary of the CBP, as well as my tenure and seniority, I was significantly involved in the internal comprehensive review of the CBP in 2018. Consequently, I am very familiar with the bonus program's mechanics as it operated in 2020-2021, the period relevant for the claims in my lawsuit.

6.      During the time relevant to my claims, STUSCO determined the annual bonus (comprising cash and conditional components) portion of its commercial

personnel pursuant to an established rigorous process. Per the CBP, the annual bonus component is made on the basis of certain key factors pertaining to the individual, namely:

(a)     direct business profitability;

(b)     the individual's performance rating which encompasses a suite of behavioral dimensions (compliance, control, leadership, collaboration, etc.),

(c)      the overall Shell Trading profitability, and

(d)     prevailing market conditions for traders and commercial personnel in the relevant human-resource market.

7.     The claims that I am making in my pending lawsuit are based on my contention that I did not receive the compensation that I was due for the 2020 financial year per the Commercial Bonus Program.

8.     The Shell Conditional Bonus Program that STUSCO has focused on in their present motion to dismiss my lawsuit is a different program that only addresses one component of my total compensation as STUSCO's President.

9.     The fact that the Commercial Bonus Program, upon which my claims are based is a different and distinct piece of my monetary compensation is evident in that the Commercial Bonus Award that I received that I contend was out of compliance and contrary to representations was in the amount of $8,100,000.00. The Shell Conditional Bonus Award that STUSCO mistakenly claims that I am challenging was in the amount of $3,060,000.00. The vast difference in these amounts demonstrates that Shell is not referencing the same compensation program that is in question in my lawsuit.

10.     The United Kingdom has no jurisdiction over my employment by a U.S. Company. Not only was STUSCO headquartered in Houston, Houston is also where I resided as a permanent resident of the United States (thereby making me a "US Person") throughout the more than ten (10) years) that I served in a leadership role with Defendant, including the period during which all the events related to my claims occurred.

11.     The representations made to me that are the basis for my claims were made to me while I was located in Houston, Texas, including representations about how the compensation for the 2020 financial year for my STUSCO team members – almost all of whom were based in the United States – was to be determined. Thus, the statements that I made to my team members in reliance on what I had been told were made from Houston, Texas.

12.    Furthermore, most all of the individuals who I expect to call as witnesses in this matter, such as Michael Conway, Edgar Wuthrich, Eva Marie Frohn, and Hector Castillo, are based in the greater Houston area.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February ___4___, 2025.

John Dimech