IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN DIMECH, § | | |
| § | | |
| Plaintiff, § | | Civil Action No. 4:25-cv-252 |
| § | | |
| v. § | | (Removed from the 269th Judicial District, |
| § | | District Court of Harris County, Texas, |
| SHELL TRADING (US) CO, § | | Cause No. 2025-03854) |
| § | | |
| Defendant. § | | |
| § | | |

### DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
### FOR *FORUM NON CONVENIENS*

Defendant Shell Trading (US) Co. ("STUSCO") files this Reply in Support of its Motion to Dismiss Plaintiff John Dimech's Original Petition for *forum non conveniens*.

### INTRODUCTION

Plaintiff John Dimech's claims are subject to a valid and enforceable forum selection clause. Dimech does not deny that the Conditional Bonus Plan contains a mandatory forum selection clause. Instead, he seeks to avoid litigating his claims with STUSCO in the agreed forum by making a false distinction between STUSCO's *Commercial* Bonus Plan and the *Conditional* Bonus Plan, claiming that the bonus on which he bases his breach of contract and fraud claims is a wholly different bonus than the one subject to an English forum selection clause. Dimech is wrong. STUSCO awarded Dimech a singular amount of money for his 2020 performance in the amount of $8,170,000. This amount was then divided into a portion paid in cash and a portion that was deferred and placed in the Conditional Bonus Program. Dimech's sole contention in this lawsuit is that the **total** bonus he received ($8,170,000), should have been more than four times greater. Pet. at ¶ 21. He cannot now plausibly claim that he is only seeking an increase to the cash portion of his bonus as the two components are one single award—an increase in his bonus

necessarily means an increase in the portion of his bonus that was deferred and subject to an English forum selection clause. Because his claims relate to one bonus and are wholly intertwined, Dimech's claims in this case should be dismissed, and Dimech should bring his suit in England.

## **SUPPLEMENTAL FACTUAL BACKGROUND**[1]

The Bonus Oversight Committee is responsible for awarding bonuses to eligible Trading and Supply employees. Exhibit A, Decl. of E. Verdon at ¶ 3. In February each year, the Bonus Oversight Committee meets to finalize the amount of the trading organization bonus pool. *Id.* The committee then reviews and approves the amount each participant at the General Manager level and above will be awarded as a bonus for the prior calendar year's performance. *Id.* The bonuses are entirely discretionary and awarded at the sole discretion of the Bonus Oversight Committee. *Id.*

The Bonus Oversight Committee awards only one amount of money as a bonus to an eligible employee. *Id.* at ¶ 4. Any employee awarded more than $150,000 as a bonus is eligible [or required?] to have a portion deferred into the Conditional Bonus Program. *Id.* The employee will receive the first $100,000 as a cash award, and then the amount over $100,000 is paid sixty percent in cash and forty percent is contributed towards the Conditional Bonus Program. *Id.*

In 2020, the Bonus Oversight Committee awarded Dimech $8,170,000. *Id.* at ¶ 5; *see* Pl.'s Resp. at 6 ("the Commercial Bonus Award that he is contesting was in the amount of $8,100,000.00."). Consistent with the awards made to other Trading and Supply employees, Dimech received the first $100,000 of the total in cash plus sixty percent of $8,070,000 paid in

---

[1] STUSCO's evidence responds directly to the new allegations raised in Plaintiff's response, which the court may consider. *Aguilar v. Peters*, No. CV-23-00268-TUC-SHR, 2024 WL 4870496, at *13 (D. Ariz. Nov. 22, 2024); *Perez v. Genesco Inc.*, No. EP-09-CV-22-PRM, 2010 WL 11602142, at *2 (W.D. Tex. Jan. 8, 2010); *Bell v. Santa Ana City Jail*, No. SA CV 07-1218-ODW, 2010 WL 582543, at *1 n. 3 (C.D. Cal. Feb. 16, 2010) ("The Court concurs with defendant ... that the evidence adduced in her Reply raises no new issues and consists solely of a response to the arguments that plaintiff first raised in his Opposition.").

cash ($4,940,000) and the remaining forty percent ($3,060,000) was contributed towards the Conditional Bonus Plan. *Id.* Dimech claims that his total bonus for the 2020 performance year should have been $29,400,000 more than the $8,170,000 he received. Pet. at ¶ 21; Pl.'s Resp. at 6. Dimech's claim that he seeks only the portion paid in cash is untenable. If the Bonus Oversight Committee had awarded Dimech a $37,500,000 bonus, which Dimech contends his performance somehow warranted, then forty percent of this amount would have been placed by the Bonus Oversight Committee into the Conditional Bonus Program and subject to an English forum selection and choice of law clause. Verdon Decl. at ¶ 5.

## ARGUMENTS AND AUTHORITIES

**I.     Dimech's Claims Are Subject to a Valid Forum Selection Clause**

Dimech's contention that the forum selection clause does not apply to his claims against STUSCO because his claims are outside the clause's scope fails. First, it is unclear whether Dimech—who spends a significant portion of the Response describing his familiarity with STUSCO's bonus structure—is either confused by the components of his own multi-million-dollar bonus or if he is intentionally obfuscating the bonus scheme in an attempt to avoid litigating in England. Pl.'s Resp. at 3, 6. Yet, in the pleadings, Dimech alleges "Defendant's departure from its stated, historical, and agreed upon factors in determining the [Commercial Bonus Plan payment] for Mr. Dimech is evident in the lack of correlation or proportionality of Dimech's 2020 Bous payment in comparison with the history of the most recent previous years. .. ." Pet. at ¶ 19. In his Response to the Motion to Dismiss, Dimech acknowledges his annual bonus is comprised of a cash and conditional component. Resp. at 4. He acknowledges that he contests the total award of $8,100,000.00. Pl.'s Resp. at 6. Yet, he claims that the Conditional Bonus Award "is a separate component of compensation that is not in issue in the present lawsuit." *Id.* at 6.

Unquestionably, Dimech challenges his entire bonus award, a significant portion of which is placed in the deferred Conditional Bonus Plan. Verdon Decl. at ¶¶ 4-5. Thus, Dimech's claims necessarily involve a dispute over his deferred Conditional Bonus Plan award because it is a significant fraction of his overall bonus. In other words, by claiming that his 2020 bonus should have been higher is to claim that the portion contributed to the Conditional Bonus Plan should have been higher. Dimech has not cited a single case to support his proposition that he can distinguish different components of the same bonus to avoid a forum selection clause. He does not because he cannot.

The forum selection clause at issue applies to "disputes arising under or in connection with these Rules or **any Award**." Mot. at Ex. A-1 at ¶ 14 [Doc. 4-1 at 15] (emphasis added). The phrases "arising under" and "in connection with" in a forum selection clause are broadly construed by courts. *Weatherford Int'l, LLC v. Binstock*, 452 F. Supp. 3d 561, 572–73 (S.D. Tex. 2020) (noting "arising under" and "in connection with" is interpreted broadly in a forum selection clause and enforcing the clause at issue); *Burnett v. ARCCA Inc.*, No. CV 15-1214, 2016 WL 1271073, at *5 (W.D. La. Mar. 31, 2016) (holding "arising in connection with" in a forum selection clause interpreted "to reach 'every dispute between the parties having a significant relationship to the contract and all disputes having their origin or genesis in the contract'"); *Wellogix, Inc. v. SAP Am., Inc.*, 58 F. Supp. 3d 766, 778 (S.D. Tex. 2014), aff'd, 648 F. App'x 398 (5th Cir. 2016) (same).

In fact, courts within the Fifth Circuit, including this Court, have held that-forum selection clauses that use "arising" or "in connection" language—like the clause contained in the Conditional Bonus Plan—apply to any dispute that has "some logical or causal connection" to the agreement. *Pascasio v. El Campo Mem'l Hosp.*, No. 4:20-CV-03919, 2021 WL 12319075, at *2

(S.D. Tex. Aug. 24, 2021); *iiTec, Ltd. v. Weatherford Technology Holdings, LLC*, Civil Action No. H-18-1191, 2019 WL 1430428, at *9 (S.D. Tex. March 29, 2019) (Lake, J.) (holding that claims based on different contracts fell under one contract's forum-selection clause containing "arising" language because "a consistent thread" ran through the tortious interference and breach of contract claims). Here, there can be no question there is a logical and causal connection between the bonus amount Dimech disputes and the Conditional Bonus Plan agreement. Dimech's claims relate to the total 2020 bonus award, $8,170,000, which involves the same facts and allegations related to the cash portion of the bonus ($4,940,000) as to the deferred portion of the same bonus ($3,060,000), subject to the Conditional Bonus Plan and forum selection clause.

Moreover, to the extent Dimech is claiming that the alleged acts occurred before the execution of the Conditional Bonus Plan agreement, *i.e.* by awarding him a sum that was less than he believes he deserved before deferring a portion, this argument is foreclosed by the Fifth Circuit's precedent. For example, in *Braspetro Oil Services Co. v. Modec (USA), Inc*., the plaintiff claimed that a forum selection clause was inapplicable because the alleged fraudulent acts he based his claim on arose before the execution of the contract containing a forum selection clause. 240 F. App'x 612, 616-17 (5th Cir. 2007). The Fifth Circuit held that to void a forum selection clause implicated by the plaintiff's claims, the fraud must be specific to the forum selection clause. *Id.* at 217 (citing *Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir. 1997) for the proposition that the allegations must relate to the forum selection clause specifically to succeed). Because the allegations of fraud were not specific to the forum selection clause, the forum selection clause remained valid and enforceable. *Id.* Likewise here, Dimech does not assert that anyone at Shell fraudulently induced him into agreeing to the Conditional Bonus Plan forum selection clause.

### II. Private Interest Factors are Not Applicable Because a Valid Forum Selection Clause Exists

In the presence of a valid, enforceable and mandatory forum selection clause, like the one at issue in this case, a court conducts a modified *forum non conveniens* analysis. Because a forum-selection clause "represents the parties' agreement as to the most proper forum," the plaintiff's choice of forum "merits no weight," and a court "must deem the private-interest factors to weight entirely in favor of the preselected forum." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 64 (2013); *Noble House, L.L.C. v. Certain Underwriters at Lloyd's, London*, 67 F.4th 243, 248 (5th Cir. 2023) ("[T]he plaintiff's choice of forum merits no weight because, by contracting for a specific forum, "the plaintiff has effectively exercised its 'venue privilege' before a dispute arises.") (internal quotations omitted). As a result, Dimech's preferred forum and where his alleged witnesses are located is given no weight. *Id.*

### III. Dimech Has Not Established the Public Interest Factors Warrant Keeping this Case in the Southern District of Texas

Next, Dimech contends that the public interest factors implicate Houston as the appropriate forum by again noting that his witnesses are based in Houston. Dimech misunderstands this factor as it is not the location of the witnesses that controls, it is the current forum, *i.e.* Texas's interest, in trying a localized controversy at home. *See Weber v. PACT XPP Techs., AG, 811 F.3d 758, 776 (5th Cir. 2016)* (upholding forum selection clause in executive employment agreement, mandating German venue and choice of law, and finding no Texas or U.S. interest that outweighed enforcement of the agreement).

Even if the location of Dimech's witnesses were relevant to the Court's analysis of the second public interest factor,[2] which it is not, Dimech has not provided any explanation or context

---

[2] Dimech did not address the first public interest factor (the administrative difficulties flowing from court congestion); the third factor (the interest in having the trial of a diversity case in a forum that is at home with the law that must

as to how the identified individuals have information relevant to his case. *See* Pl.'s Resp. at Ex. A, ¶ 12. All but one of his identified "witnesses" were Dimech's subordinates at STUSCO and have never served on the Bonus Oversight Committee. *See* Verdon Decl. at ¶ 7. The remaining individual he identified retired from STUSCO in 2017, years before the Bonus Oversight Committee made decisions about Dimech's 2020 bonus. *Id.* The Response indicates that these individuals were also affected by alleged unidentified misrepresentations about the bonus program, but (1) this statement is not supported by Dimech's declaration or any other evidence and should be disregarded; (2) how others were affected is wholly irrelevant to *Dimech's* claims, and (3) several of the identified "witnesses" were not General Managers and subject to the same bonus as Dimech. *See* Pl.'s Resp. at 8; *Id.* at Ex. A, ¶ 11. Therefore, Dimech cannot simply point to a few Houston-based STUSCO employees without context to show that Texas has more significant ties to this matter than London, England. It does not.[3]

The fact that Dimech was a Texas based employee at the time of his 2020 Bonus Award is not relevant to any public interest factors either. *See Esquivel v. Downhole Tech. LLC*, No. MO:20-CV-38-DC-RCG, 2020 WL 10316659, at *3 (W.D. Tex. Dec. 29, 2020) (upholding employment agreement forum selection clause); *Hebert v. Marathon Oil Co.*, No. 3:19-CV-109, 2020 WL 1429480, at *1 (S.D. Tex. Mar. 19, 2020) (noting the plaintiff, who resided in Louisiana, filed suit in Galveston, and upholding forum selection clause requiring employment disputes to be resolved in Houston); *Goodly v. Check-6, Inc.*, No. CV 16-1936, 2016 WL 3090293, at *4 (E.D. La. June

---

govern the action); or the fourth factor (the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law). Because he has waived arguments regarding these factors, Dimech has implicitly agreed these factors weigh in favor of English court.

[3] In his Response, Dimech states incorrectly "Defendant has chosen to not identify any public interest factors that warrant dismissal of this matter from the United States court system. See Dkt. #4, fn. 2." This appears to be a typo and Dimech means that STUSCO did not analyze the private interest factors, which are irrelevant in the context of a valid forum selection clause. The majority of STUSCO's brief analyses the applicable public interest factors.

2, 2016) (finding Louisiana-based employee's claim subject to a valid forum selection clause for Oklahoma and no public interest factors prevented enforcement). First, Dimech no longer resides in Houston and must travel from Australia regardless of whether his claim is litigated in Houston or London. Second, where he worked when he was awarded the bonus is irrelevant. As explained in STUSCO's Motion, the key members of the Conditional Bonus Plan Bonus Oversight Committee are currently located in London. Verdon Decl. at ¶ 7. All decisions regarding the CBA Rules and award to Dimech were made by the Bonus Oversight Committee in London. Def.'s Mot. at Ex. A-1 at 10, ¶ 12.1 (noting that all decisions regarding the CBA Rules and awards are at the sole and absolute discretion of the Bonus Oversight Committee). Thus, Dimech has identified no public interest in retaining this controversy in Texas.

Moreover, the Conditional Bonus Plan agreement provides for the application of English law. *Id.* at 11, ¶ 14. As the Fifth Circuit noted in *Fintech Fund, F.L.P. v. Horne,* "English law governs the Agreement. The English judicial system is thus in a much better position to handle a dispute arising out of the Agreement." 836 F. App'x 215, 227 (5th Cir. 2020) (enforcing English forum selection clause).

In short, Dimech has not made the "strong showing" necessary to support that the English forum selection clause is unreasonable under the circumstances, and this matter is not one of the "truly exceptional cases" that justifies disregarding the parties' agreement on public-interest-factor grounds. *Matthews v. Tidewater, Inc.*, 108 F.4th 361, 370 (5th Cir. 2024) (noting the court "need not examine the logistics of litigation in England" and enforcing employment agreement forum selection clause); *Al Copeland Investments, L.L.C. v. First Specialty Ins. Corp.*, 884 F.3d 540, 545 (5th Cir. 2018). As explained in STUSCO's Motion, the English forum selection clause is mandatory, applicable, enforceable, and its application in this case is reasonable.

## CONCLUSION

Defendant Shell Trading (US) Co. requests that the Court dismiss Plaintiff John Dimech's Petition for *Forum Non Conveniens* in favor of proceedings in the High Court in London, England and for such other and further relief to which it is entitled.

Dated: March 11, 2025

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP

*/s/ Shauna Johnson Clark*
Shauna Johnson Clark
State Bar No.  00790977
Federal ID No.  18235
shauna.clark@nortonrosefulbright.com
1550 Lamar St., Suite 2000
Houston, TX  77010
Telephone:     (713) 651-5151
Facsimile:      (713) 651-5246

***ATTORNEY-IN-CHARGE FOR DEFENDANT***

OF COUNSEL
NORTON ROSE FULBRIGHT US LLP

Heather Sherrod
State Bar No. 24083836
Fed. I.D. No. 1734213
heather.sherrod@nortonrosefulbright.com

1550 Lamar St., Suite 2000
Houston, TX  77010
Telephone:     (713) 651-5151
Facsimile:      (713) 651-5246

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served in compliance with the Federal Rules of Civil Procedure upon the following counsel on March 11, 2025.

David J. Quan
Law Office of David J. Quan
5444 Westheimer Rd., Suite 1700
Houston, TX 77056
dquan@davidquallaw.com

*/s/ Heather Sherrod*
Heather Sherrod