# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN DIMECH, | § § | |
| Plaintiff, | § § | Civil Action No. 4:25-cv-252 |
| v. | § § § | (Removed from the 269th Judicial District, District Court of Harris County, Texas, |
| SHELL TRADING (US) CO, | § § | Cause No. 2025-03854) |
| Defendant. | § § § | |

### DECLARATION OF ERIN VERDON IN SUPPORT OF
### REPLY TO MOTION TO DISMISS FOR *FORUM NON CONVENIENS*

1. "My name is Erin Verdon. I am the Vice President of Human Resources for Shell Trading and Supply, which is the network of Shell companies engaged in trading commodities. I am over eighteen years of age, of sound mind, have never been convicted of a felony, and am competent in all respects to make this declaration.

2. I have reviewed the declaration of John Dimech dated February 4, 2025. As a member of Defendant Shell Trading (US) Co. ("STUSCO") trading organization, Mr. Dimech participated in Trading and Supply's Commercial Bonus Plan and Conditional Bonus Plan. Mr. Dimech's statement in his declaration that the commercial bonus is a "different and distinct piece of [his] monetary compensation" is inaccurate.

3. The Commercial and Conditional Bonus Plans are managed by the Bonus Oversight Committee, which is comprised of current Shell executives, including myself. In February each year, the Bonus Oversight Committee meets to finalize the amount of the trading organization bonus pool. The committee then reviews and approves the amount each participant at the General Manager level and above will be awarded as a bonus for the prior calendar year's performance. The bonuses are entirely discretionary and at the sole discretion of the Bonus Oversight Committee.

4. To be clear, the Bonus Oversight Committee awards only one amount of money as a bonus to an eligible employee. Any employee awarded more than $150,000 as a bonus is eligible to have a portion for deferral into the Conditional Bonus Program. The employee will receive the first $100,000 as a cash award, and then the amount over $100,000 is paid 60% in cash and 40% is contributed towards the Conditional Bonus Program.

5. In 2020, Mr. Dimech was awarded a total bonus of $8,170,000. He received the first $100,000 in cash plus sixty percent (60%) of $8,070,000 paid in cash ($4,940,000) and the remaining forty percent (40%) ($3,060,000) was contributed towards the Conditional Bonus Plan. I understand that Mr. Dimech claims that his bonus for the 2020 performance year should have been $29,400,000 more than the $8,100,000 he received. Mr. Dimech's statement in his declaration is incorrect that the $29,400,000 he is seeking in this lawsuit for an increased bonus is

not related to the Conditional Bonus Program. If the committee had awarded Mr. Dimech a $37,500,000 bonus, a significant portion (i.e. 40%) of this amount would have been placed automatically in the Conditional Bonus Program and subject to the Conditional Bonus Award Agreement and 2020 Rules of the Shell Trading Conditional Bonus Plan, which contains an English forum selection and choice of law clause.

6. As noted in my previous declaration, the key members of the Bonus Oversight Committee reside and work in London, England. These individuals make all decisions regarding the amount of the bonus and the portion of the bonus awarded under the Commercial Bonus Plan to be paid in cash and the portion deferred and placed in the Conditional Bonus Plan. As a result, Mr. Dimech's beliefs about what his bonus amount should have been is not relevant because the amount was entirely at the Bonus Oversight Committee's discretion.

7. The individuals Mr. Dimech identifies in his declaration as the witnesses he expects to call at trial (Edgar Wuthrich, Eva Marie Frohn, and Hector Castillo) were Mr. Dimech's subordinates during his tenure at STUSCO and have never been members of the Bonus Oversight Committee. Michael Conway retired on July 3, 2017 and therefore did not serve on the Bonus Oversight Committee in 2020 or otherwise have any input into the decisions of the committee.

I declare under penalty of perjury that the foregoing is true and correct."

Executed on March 10, 2025.

*Erin Verdon*
Erin Verdon (Mar 11, 2025 07:25 CDT)

Erin Verdon

# SHELL DIMECH - Verdon Declaration MTD REPLY

Final Audit Report                                                                                         2025-03-11

| | |
|---|---|
| Created: | 2025-03-10 |
| By: | ReAnna Brown (reanna.brown@nortonrosefulbright.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA776k61t_03LMIEA2-8PQf6OUMJNIpOWE |

## "SHELL DIMECH - Verdon Declaration MTD REPLY" History

- Document created by ReAnna Brown (reanna.brown@nortonrosefulbright.com)
  2025-03-10 - 2:40:17 PM GMT- IP address: 165.225.36.84

- Document emailed to erin.verdon@shell.com for signature
  2025-03-10 - 2:40:54 PM GMT

- Email viewed by erin.verdon@shell.com
  2025-03-11 - 12:23:27 PM GMT- IP address: 104.47.11.62

- Signer erin.verdon@shell.com entered name at signing as Erin Verdon
  2025-03-11 - 12:25:11 PM GMT- IP address: 98.98.26.202

- Document e-signed by Erin Verdon (erin.verdon@shell.com)
  Signature Date: 2025-03-11 - 12:25:13 PM GMT - Time Source: server- IP address: 98.98.26.202

- Agreement completed.
  2025-03-11 - 12:25:13 PM GMT

NORTON ROSE FULBRIGHT | Powered by Adobe Acrobat Sign