United States District Court
Southern District of Texas

**ENTERED**

July 14, 2025

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JOHN DIMECH, *Plaintiff,* | § § § | |
| V. | § § | CIVIL ACTION NO. 4:25-CV-0252 |
| SHELL TRADING (US) COMPANY, *Defendant.* | § § § § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff John Dimech, a citizen and resident of Australia, is suing Defendant Shell Trading (US) Company (STUSCO) to recover millions allegedly due him under the STUSCO Commercial Bonus Program (CBP).[1]  ECF 1-3.  After "snap removal" of the case to federal court based on diversity subject matter jurisdiction,[2] Defendant filed a Motion to Dismiss for Forum Non Conveniens based on a forum selection clause in the CBP Agreement.  ECF 3.  Having reviewed the parties' submissions and the law, the Court recommends that Defendant's motion be granted and this case be dismissed without prejudice to refiling in the appropriate forum.

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 6.

[2] The Fifth Circuit recognizes that a forum defendant who has yet to be "properly joined and served" may remove a case to federal court. *Anaya v. Schlumberger Tech. Corp*., No. 24-20170, 2024 WL 5003579, at *3 (5th Cir. Dec. 6, 2024); *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc*., 955 F.3d 482, 487 (5th Cir. 2020).  The forum-defendant rule is procedural and is not jurisdictional. *Texas Brine*, 955 F.3d at 487.

## I.        Factual and Procedural Background

Plaintiff Dimech worked for STUSCO in Harris County, Texas until July 2021 when he relocated to Australia.  STUSCO is a U.S. corporation that acts as the "single oil trading market interface" for Shell, plc, a corporation based in the United Kingdom f/k/a Royal Dutch Shell.  ECF 1-3 ¶¶2-3, 7.  Dimech was a participant in the STUSCO bonus program, overseen by the Bonus Oversight Committee.  One component of a participant's annual bonus is the CBP, another component is the "Conditional Bonus Plan."  ECF 7-1 ¶ 6; ECF 10-1 ¶4.  On March 31, 2020, Dimech was awarded a total annual bonus of $8,170,000—the first $100,000 distributed in cash, 60% of the remaining $8,070,000 ($4,940,000) also paid in cash, and the remaining 40% of $8,070,000 ($3,060,000) contributed to the Conditional Bonus Plan.  ECF 10-1 ¶5; ECF 7-1¶6; ECF 4-1 at 20.

Plaintiff's Original Petition alleges that STUSCO consistently informed him and other employees that both the factors and the weight assigned to the factors in the CBP computation would not change for 2020, despite the COVID-19 pandemic. ECF 1-3 ¶¶ 12-14.  Plaintiff's Original Petition alleges that "[h]ad the factors for change in year-to-year profitability and increase in performance ranking been applied in the manner that had previously been used for CBP calculation, Dimech's Commercial Bonus Program payment would have been multiples of the amount of his 2020 CBP payment.  This represents a shortfall of approximately $29,400,000.00

for 2020 financial year." ECF 1-3 ¶21. Plaintiff asserts causes of action against STUSCO for breach of contract, fraud, and fraud in the inducement. Defendants move to dismiss Plaintiff's claims based on a forum selection clause in The Rules of the Shell Trading Conditional Bonus Plan for Awards granted in 2020 (Rules). ECF 4-1 at 5-16.

## II.   Forum Non Conveniens Standards

A party may seek to enforce a forum-selection clause requiring a foreign forum through a motion to dismiss for forum non conveniens. *Noble House, L.L.C. v. Certain Underwriters at Lloyd's, London*, 67 F.4th 243, 247 (5th Cir. 2023) (quoting *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct.*, 571 U.S. 49, 60 (2013)). In deciding whether a valid, enforceable forum selection clause exists, "the court evaluates whether the forum selection clause is mandatory or permissive, is valid, and whether the parties' dispute falls within the scope of the clause." *Doe v. Facebook, Inc.*, No. CV H-22-0226, 2023 WL 3483891, at *3 (S.D. Tex. May 16, 2023). Federal law governs the enforceability of a forum selection clause, while state law governs its interpretation. *Id.*; *Robinson v. Brahma Grp., Inc.*, No. 4:23-CV-4290, 2024 WL 1962891, at *3 (S.D. Tex. May 3, 2024).

When no valid, enforceable forum selection clause governs a dispute, a party seeking dismissal in favor of a foreign forum must show: (1) the existence of an available and adequate alternate forum; and (2) that the balance of private and public

interest factors favor dismissal.   *Noble House*, 67 F.4th at 248; *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 671 (5th Cir. 2003).  However, when an enforceable forum selection clause exists, the plaintiff's choice of forum carries no weight and the private interest factors weigh entirely in favor of the contractually selected forum.  *Noble House*, 67 F.4th at 248.  Therefore, where an enforceable forum selection clause exists, it will be enforced unless enforcement is unreasonable and the public interest weighs against enforcement.  *Id.*  The Fifth Circuit has stated:

> Unreasonableness potentially exists where (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*Id.* (citations omitted).

## III.   Analysis

As discussed above, the Court must first determine whether the forum selection clause is mandatory versus permissive, and then whether the clause is valid and encompasses the claims in this case.  *Doe*, 2023 WL 3483891, at *3.  Plaintiff does not argue that the forum selection clause is permissive or invalid.  *See* ECF 7. The Court therefore need only address whether Plaintiff's claims in this case fall within the scope of the forum selection clause.

**A. The forum selection clause at issue encompasses Plaintiff's claims.**

The Rules of the Shell Trading Conditional Bonus Plan for Awards granted in 2020 (Rules) contains the following provision:

> English law governs these Rules and all Awards and their construction. The English Courts have exclusive jurisdiction in respect of disputes arising under or in connection with these Rules or any Award.

ECF 4-1 at 15.

Plaintiff argues that the forum selection clause does not apply here because it is it included in the Rules governing the *Conditional* Bonus Plan and his claims are exclusively related to his *Commercial* Bonus. *Id.* at 5-7. Plaintiff's arguments are unsupported by the record and the law.

Plaintiff's characterization of his claims as challenging only his CBP Award are belied by his Response and Affidavit. *See* ECF 7 at 6 (stating that "the Commercial Bonus Award [Plaintiff] is contesting was in the amount of $8,100,00.00"); ECF 7-1 ¶9 (stating that the bonus he "contend[s] was out of compliance and contrary to representations was in the amount of $8,100,000.00"); ECF 10 ¶¶4-5 (attesting that Plaintiff received a $8,170,000 total bonus award, of which $3,060,000 was contributed to the Conditional Bonus Plan.). Thus, it is evident that Plaintiff is challenging the sufficiency of his total $8,100,000 bonus, not merely the non-conditional amount ($100,000 + $4,940,000) paid in cash.

Even if the Court were to accept Plaintiff's contention that he is challenging only the CBP portion of his 2020 bonus, these claims fall within the scope of the forum selection clause. "To determine whether a claim falls within the scope of a forum-selection clause, a court looks to the language of the contract." *Wellogix, Inc. v. SAP Am.*, Inc., 58 F. Supp. 3d 766, 777 (S.D. Tex. 2014). The forum selection clause in the Rules encompasses all disputes "arising under *or in connection with . . . any Award.*" ECF 4-1 at 15 (emphasis added). Plaintiff's 2020 CBP Award and his Conditional Bonus Award are inextricably intertwined. The Conditional Bonus is a percentage of the total CBP bonus. Any challenge to the CBP is necessarily also a challenge to, and therefore "in connection with," the Conditional Bonus Award.

**B. Enforcement of the forum selection clause is neither unreasonable nor contrary to public interest.**

Plaintiff argues that the private and public interest factors applicable to a forum non conveniens analysis weigh against dismissal. ECF 7 at 7-10. However, because Plaintiff's claims are subject to an enforceable forum selection clause, the private interest factors weigh entirely in favor of the contractually selected forum. *Noble House*, 67 F.4th at 248; *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 671 (5th Cir. 2003). Therefore, the forum selection clause must be enforced unless doing so is unreasonable and the public interest weighs against enforcement. *Id.*

Plaintiff's Response fails to address the relevant factors for determining whether enforcement of a forum selection clause is unreasonable. *Noble House*, 67

F.4th at 248 (setting forth 4 factors: (1) fraud in creating the clause; (2) deprivation of a party's "day in court" because of "grave inconvenience or unfairness;" (3) whether the chosen law will deprive the plaintiff of a remedy; or (4) contravention of a strong public policy of the forum state.).  Plaintiff argues that public interest factors weigh in favor of a Texas forum because he and his team worked in Texas and Texas jurors and courts are more familiar with Texas law.  He also argues that it would be unfair to "saddle" citizens of the U.K. with "having to determine this matter regarding the dispute over the proper compensation owed by an American company to an individual who was a U.S. Person at the time of the controversy pursuant to Texas state law."  Plaintiff's arguments are unfounded.  The forum selection clause includes a choice of law provision mandating that his claims be decided under English law.  ECF 4-1 at 15.  Moreover, Plaintiff is not a U.S. citizen and does not reside in Texas.  And, while STUSCO is an American company, the bonus program is administered by a Bonus Oversight Committee, key members of which reside and work in London, England.  ECF 4-1 at 2, ¶4; 10-1 ¶6.

Plaintiff has not met his burden to show that it would be unreasonable and against the public interest to enforce the forum selection clause.

## IV.    Conclusion and Recommendation

For the reasons set forth above, the Court RECOMMENDS that Defendant's Motion to Dismiss (ECF 4) be GRANTED and this case be DISMISSED WITHOUT PREJUDICE to refiling in an English Court.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on July 14, 2025, at Houston, Texas.

Christina A. Brvan
United States Magistrate Judge